**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD SENDEJAS,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 1:23-cv-16865** |
| ) | |
| **v.** ) | |
| ) | |
| **RJW WAREHOUSE, LLC,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

## COMPLAINT

Plaintiff, Richard Sendejas ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against RJW Warehouse, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendants race-based and national origin-based discrimination, race-based and national origin-based harassment, and retaliation under Title VII and IHRA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.  All conditions precedent have been fulfilled or been complied with.

5.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.  This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.  At all times material to the allegations of this Complaint, Plaintiff, Richard Sendejas, resides in Will County, Illinois.

9.  At all times material to the allegations in this Complaint, Defendant, RJW Warehouse, LLC is a corporation doing business in and for Will County, Illinois, whose address is 950 West Renwick Road, Romeoville, IL, 60446.

10.  Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.  During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.  Plaintiff worked for Defendant as a Quality Control team member from on or about February 7, 2022 through on or about August 14, 2023.

13.     Plaintiff is Hispanic and Mexican and is a member of a protected class because of his race and national origin.

14.     Since at least February 7, 2022 until his unlawful constructive discharge on or about August 14, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected classes and has been subjected to a hostile work environment on the basis of race and national origin, violating Title VII and Section 1981.

15.     Beginning very early on in his employment, Plaintiff began experiencing discrimination at the hands of General Manager, Kyle (LNU, African American), and two supervisors, Damian Robinson (African American) and John (LNU, African American).

16.     These supervisors harassed Plaintiff daily, shouting things like, "andale andale," "arriba arriba," and calling Plaintiff "Speedy Gonzalez".

17.     The situation escalated when the supervisors instructed the predominately Hispanic group of pickers not to use a specific restroom.

18.     In response to this clear race-based discrimination, Plaintiff spoke up, opposing the race-based discrimination, thereby engaging in protected activity.

19.     Plaintiff's complaints fell on deaf ears, so he indicated that not only was the obstruction of the use of the restroom by Hispanic employees discrimination, but it was an OSHA violation.

20.     Plaintiff then filed an OSHA complaint, hoping to have the situation addressed.

21.     Unfortunately, the discrimination and disparate treatment continued.

22.     To the best of Plaintiff' knowledge, no action was taken to remedy the situation or investigate the discrimination, disparate treatment, and safety violations complained of by

Plaintiff.

23. The treatment of Plaintiff and other Hispanic workers continued to worsen, so on or about July 2, 2023, Plaintiff escalated the issue by emailing the Vice President regarding the discrimination.

24. Once again, Defendant failed to remedy the discrimination and harassment, and failed to investigate Plaintiff's complaints.

25. Not only did Defendant fail to take any action, but once Mr. Robinson learned that he had been mentioned in Plaintiff's complaints, he began retaliating against Plaintiff.

26. On or about July 12, 2023, Mr. Robinson aggressively and rudely confronted Plaintiff about allegedly not completing a task.

27. Other similarly situated, non-Hispanic and non-Mexican employees were not addressed in this way nor subject to the same treatment.

28. Plaintiff attempted to explain to Mr. Robinson that the only reason he could not complete the task was because he was assigned far more tasks than other employees and the overwhelming workload made it impossible for him to complete in the given time-frame.

29. Mr. Robinson would not listen and continued to argue with Plaintiff.

30. By this point, the disparate treatment had become unbearable, leaving Plaintiff no choice but to elevate the issue to the Human Resources (HR) Department.

31. On or about July 13, 2023, Plaintiff told Belen (LNU) in HR what had occurred, and requested a formal transfer from Mr. Robinson's department.

32. Belen informed him that a transfer may be possible, so Plaintiff took the opportunity to express his desire to apply for a lead position upon his transfer.

4

33. Belen confirmed that Plaintiff was qualified and eligible for a lead position, given his clean attendance, and clean disciplinary record.

34. However, the very next day, on or about July 14, 2023, Plaintiff was baselessly written up and his promotion to lead was denied.

35. This clear act of retaliation after his complaints to HR left Plaintiff feeling like he had no one to go to.

36. Thereafter, on or about July 15, 2023, Mr. Robinson, apparently having learned that Plaintiff complained about him to HR, suddenly approached Plaintiff in an aggressive and threatening manner.

37. Fearing for his safety, Plaintiff immediately reported the incident to HR.

38. Once again, HR failed to take any steps to protect Plaintiff, remedy the situation, or investigate his complaints.

39. Just three days later, Plaintiff was suspended without pay for the remainder of the week- another clear act of retaliation.

40. Plaintiff then told Defendant that he was filing an EEOC Charge based on this treatment, and did so on July 19, 2023.

41. After Defendant learned of the EEOC Charge, Plaintiff was removed from suspension and reimbursed for the payment he missed.

42. Upon returning to work, on or about July 24, 2023, Defendant's Vice President contacted Plaintiff, asking about the situation and pledging to investigate.

43. Instead of investigating, Defendant moved Plaintiff to a different warehouse while Mr. Robinson remained employed without repercussions.

44. The discrimination and disparate treatment did not improve in this new warehouse.

45. The environment had become so bad that no reasonable person could continue working after being subject to the discrimination, harassment, disparate treatment, and egregious retaliation that Plaintiff was subject to.

46. Therefore, Plaintiff was left with no choice but to be constructively discharged on or about August 14, 2023.

47. Plaintiff was unlawfully constructively discharged because of his national origin (Mexican) and race (Hispanic) on or about August 14, 2023.

48. Plaintiff was retaliated against for opposing unlawful discrimination and for exercising his protected rights.

49. Plaintiff suffered multiple adverse employment actions including but not limited to aggressive and threatening behavior by supervisors, unpaid suspension, and ultimately, constructive discharge.

50. Plaintiff reported the race and national origin based discrimination and harassment to Defendant.

51. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to, as the main perpetrators were managers and supervisors.

52. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints through multiple channels.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

53. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

54. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

55. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

56. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

57. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

58. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

59. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61. Plaintiff met or exceeded performance expectations.

62. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

63. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's race, Hispanic.

64. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Discrimination)

67. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

69. Plaintiff met or exceeded performance expectations, as evidence by the lack of write-ups and negative performance remarks.

70. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

8

71. Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

72. Plaintiff is a member of a protected class due to Plaintiff's national origin, Mexican.

73. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

75. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

77. Defendant knew or should have known of the harassment.

78. The race-based harassment was severe or pervasive.

79. The race-based harassment was offensive subjectively and objectively.

80. The race-based harassment was unwelcomed.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, Hispanic.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the race-based harassment described above,

9

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Title VII of the Civil Rights Act of 1964
### (National Origin-Based Harassment)

84.     Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

85.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

86.     Defendant knew or should have known of the harassment.

87.     The national origin-based harassment was severe or pervasive.

88.     The national origin-based harassment was offensive subjectively and objectively.

89.     The national origin-based harassment was unwelcomed.

90.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's National Origin, Mexican.

91.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

92.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

93.     Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

94. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

95. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and national origin-based discrimination and harassment.

96. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

97. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaints of race-based and national origin-based discrimination and harassment.

98. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

99. Plaintiff suffered multiple adverse employment actions in retaliation for engaging in protected activity.

100. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based and national origin-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

101. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

102. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18 day of December, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188

ssteere@sulaimanlaw.com
*Attorney for Plaintiff*